J-A23005-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
                            :            PENNSYLVANIA
                            :

           v.                   :
                            :
                            :

JOHN RICHARDSON, III          :
                            :

          Appellant      :     No. 1045 WDA 2018

Appeal from the Judgment of Sentence Entered, June 25, 2018,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s):  CP-02-CR-0013465-2017.

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MUSMANNO, J.

JUDGMENT ORDER BY KUNSELMAN, J.:       FILED SEPTEMBER 10, 2019

John Richardson, III, appeals from the judgment of sentence imposed after a jury convicted him on charges of tampering with evidence and possession of marijuana.[1]  Richardson appeals the trial court's denial of his suppression motion.  Upon review, we vacate the judgment of sentence, reverse the trial court's order denying the suppression motion, and remand for further proceedings.

The undisputed facts of this case are as follows:  On September 2, 2017, at approximately, 3:00 a.m., police officers with the City of Pittsburgh Bureau of Police were conducting a foot patrol in a high crime area, when they

---

[1] The jury acquitted Richardson on a firearms charge, and the judge found him not guilty on a second firearms charge that was severed for a bench trial.

observed a firearm protruding from under the front driver's seat of a parked, unoccupied vehicle. Officers positioned themselves nearby, surveilled the vehicle and awaited the return of the driver. A short time later, Richardson approached and entered the vehicle. When he began to drive away, officers conducted a felony traffic stop of the vehicle.

Eventually, Richardson was taken into custody and, during a search incident to arrest, officers discovered a knotted baggie containing a small amount of marijuana in Richardson's right front pocket. In a hidden compartment under the steering wheel, police found the loaded gun they originally saw under the driver's seat. Later, police learned that Richardson had pled guilty to a prior offense that rendered him ineligible to possess a firearm. Richardson was charged and convicted as indicated above.

In this timely appeal, Richardson raises one issue for our review:

> Did the trial court err in denying the motion to suppress in this case because, at the time that Mr. Richardson was seized by police, all he had done was enter his car and turn it on? In other words, did police have a reasonable suspicion that criminal activity was afoot before effectuating the seizure?

Richardson's Brief at 6.

As conceded by the Commonwealth, the Supreme Court's recent decision in Commonwealth v. Hicks, 208 A.3d 916 (Pa. 2019), controls our disposition of this case. Although the officers' actions were consistent with the law at the time, our Supreme Court has since determined that a stop based solely on the possession of a firearm in public violates the Fourth

Amendment. Id. In Hicks, decided May 31, 2019, the Supreme Court observed:

> Unless a police officer has prior knowledge that a specific individual is not permitted to carry a concealed firearm, and absent articulable facts supporting reasonable suspicion that a firearm is being used or intended to be used in a criminal manner, there simply is no justification for the conclusion that the mere possession of a firearm, where it lawfully may be carried, is alone suggestive of criminal activity.

Hicks, 208 A.3d at 937.

Here, it is clear from the record that the officer's only purpose when they stopped the vehicle was to investigate and seize the firearm they observed. Accordingly, the decision in Hicks renders the stop in this matter illegal. As such, we vacate Richardson's judgment of sentence, reverse the trial court's order denying suppression, and remand for further proceedings.

Judgment of sentence vacated, suppression order reversed, case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/2019

- 3 -